18-2139-cr
*United States v. Griffin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand nineteen.

PRESENT:     RALPH K. WINTER,
             JOSÉ A. CABRANES,
             REENA RAGGI,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA

                    *Appellee,*                           18-2139-cr

                    v.

DUANE E. GRIFFIN,

                    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Sonja Ralston, Attorney, Appellate Section, Criminal Division, United States Department of Justice (Steven David Clymer, Assistant United States Attorney, *on the brief*), *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Albany, NY. |
| **FOR DEFENDANT-APPELLANT:** | Thomas J. Melanson, Melanson Law Office P.C., Kingston, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Duane E. Griffin ("Griffin") appeals his conviction after a jury trial of arson of a building used in interstate commerce, in violation of 18 U.S.C. § 844(i). Griffin argues that the District Court erred in denying his motion for acquittal under Federal Rule of Criminal Procedure 29 based on insufficient evidence that the building at issue was "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" as required by 18 U.S.C. § 844(i).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 29 motion for a judgment of acquittal *de novo*, viewing "the evidence in the light most favorable to the Government with all reasonable inferences resolved in the Government's favor." *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015). We will uphold the jury's verdict "if any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt." *Id.*

Griffin argues that the Government failed to show that the building at issue satisfied the "used in interstate . . . commerce" requirement of 18 U.S.C. § 844(i) because the property, which included a ground-floor bar and three rental apartments, was not in active use at the time of the fire. "[T]he Supreme Court has interpreted the phrase 'used in' to 'mean active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce.'" *United States v. Iodice*, 525 F.3d 179, 183 (2d Cir. 2008) (quoting *Jones v. United States*, 529 U.S. 848, 855 (2000)). To decide whether a building satisfies this requirement, we determine, first, the function of the building and, then, whether that function affects interstate commerce. *Id.* We have explained that rental properties, bars, and restaurants "per se" affect interstate commerce under § 844(i). *United States v. Joyner*, 201 F.3d 61, 79 (2d Cir. 2000).

Temporarily vacant commercial buildings, including restaurants and rental properties, "do not necessarily relinquish their relationship with interstate commerce for purposes of § 844(i)" due to their vacancy. *Iodice*, 525 F.3d at 184. Such a building will satisfy the interstate commerce requirement "as long as there [i]s evidence at trial of sufficiently definite plans to return the property to the stream of commerce." *Id.* This requires more than a showing that the building "may someday be brought into the stream of commerce, or . . . [its] owner desires someday to bring it into the stream of commerce." *Id.* at 185.

Here, the evidence at trial established that the building was recently active in interstate commerce and that there were definite, imminent plans to return the property to commercial use. The building at issue in this case was a three-story structure, with a bar on the first floor and rental apartments on the second and third floors. All tenants had vacated the building some time prior to the fire on March 17, 2012. The bar ceased having regular hours at the end of 2011. Nevertheless, the bar was still available for rent for private parties and was indeed rented approximately ten times in 2012 prior to the fire. Seven weeks before the fire, the building was foreclosed on by a lender. The property, whose value depended on its commercial use, was, however, scheduled to be sold at auction on April 4, 2012. Indeed, on March 5 and 12, 2012, the lender advertised the upcoming auction in the local paper. It was only as a result of the fire that the auction and sale were canceled, thereby delaying return of the property to the stream of commerce. This evidence was sufficient to allow a reasonable jury to find that the building was actively employed for commercial purposes until shortly before the fire and that there were sufficiently definite plans to return the property to the stream of commerce. Accordingly, we conclude that this evidence is sufficient to satisfy the interstate nexus requirement under § 844(i).

## CONCLUSION

We have reviewed all of the arguments raised by Griffin on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 10, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk